**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS**<br>4115 Chesapeake Street, N.W.<br>Washington, D.C. 20016,<br><br>       **Plaintiff,**<br><br>   v.<br><br>**STEWARD HEALTH CARE SYSTEM LLC**<br>d/b/a Carney Hospital<br>d/b/a Norwood Hospital<br>d/b/a St. Elizabeth's Medical Center<br>d/b/a Morton Hospital<br>d/b/a Holy Family Hospital<br>d/b/a Nashoba Valley Medical Center<br>1900 N. Pearl Street, Suite 2400<br>Dallas, Texas 75201-2470,<br><br>  Serve: CT Corporation System<br>     1999 Bryan Street, Suite 900<br>     Dallas, Texas 75201,<br><br>       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **C O M P L A I N T**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND DAMAGES
DUE TO EMPLOYEE PENSION BENEFIT
FUND AND FOR EQUITABLE RELIEF)**

  Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

  1. Plaintiff, Michael A. Crabtree, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating

Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee pension benefit plan as that term is defined in Section 3(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael A. Crabtree, Chief Executive Officer of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Central Pension Fund is funded as required by collective bargaining agreements between participating employers and local unions affiliated with the International Union of Operating Engineers.

2. Defendant Steward Health Care System LLC d/b/a Carney Hospital d/b/a Norwood Hospital d/b/a St. Elizabeth's Medical Center d/b/a Morton Hospital d/b/a Holy Family Hospital d/b/a Nashoba Valley Medical Center is a Delaware limited liability company registered as a foreign limited liability company in Texas, located at 1900 N. Pearl Street, Suite 2400 in Dallas, Texas 75201-2470, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions due to an employee benefit plan under the terms of a collective bargaining agreement and a trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145.

4. This Court has personal jurisdiction over the Defendants pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. The Defendant has been bound at all relevant times to Collective Bargaining Agreements with the Area Trades Council, a group of labor organizations that includes International Union of Operating Engineers Local Union No. 877 ("Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant within the jurisdiction of Local Union No. 877 at the following hospitals owned and operated by the Defendant: Carney Hospital, located at 2100 Dorchester Avenue, in Dorchester, Massachusetts; Norwood Hospital, located at 800 Washington Street, in Norwood, Massachusetts; St. Elizabeth's Medical Center, located at 736 Cambridge Street, in Brighton, Massachusetts; Morton Hospital, located at 88 Washington Street, and 2005 Bay Street, in Taunton, Massachusetts; Holy Family Hospital, located at 70 East Street, in Methuen, Massachusetts; and Nashoba Valley Medical Center, located at 200 Groton Road, in Ayer, Massachusetts (collectively "Hospital Systems").

7. Pursuant to the Agreements the Defendant agreed to report and pay certain sums of money each month to the Central Pension Fund for hours worked by employees of the Defendant performing work covered by the Agreements at the Hospital Systems.

8. During the period of February 2020 through the present, the Defendant employed employees performing work covered by the Agreements at each of the Hospital Systems.

9. During various months within the period February 2020 through the present, the Defendant has failed to report and pay all contributions due to the Central Pension Fund for work performed at each of the Hospital Systems as required by the Agreements and the Central Pension Fund's Restated Agreement and Declaration of Trust.

10. During the periods February 2020, May 2020, and July 2020 through the present, the Defendant has failed to report and pay all contributions for work performed at the Carney Hospital which is covered by the Agreements.

11. During the periods February 2020, April 2020, May 2020, and July 2020 through the present, the Defendant has failed to report and pay all contributions for work performed at the Norwood Hospital which is covered by the Agreements.

12. During the period August 2020 through the present, the Defendant has failed to report and pay all contributions for work performed at the St. Elizabeth's Medical Center which is covered by the Agreements.

13. During the periods February 2020, April 2020, and July 2020 through the present, the Defendant has failed to report and pay all contributions for work performed at the Morton Hospital which is covered by the Agreements.

14. During the periods February 2020, April 2020, May 2020, and July 2020 through the present, the Defendant has failed to report and pay all contributions for work performed at the Holy Family Hospital which is covered by the Agreements.

15. During the periods February 2020, April 2020, May 2020, and July 2020 through the present, the Defendant has failed to report and pay all contributions for work performed at the Nashoba Valley Medical Center which is covered by the Agreements.

16. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails pay all required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed.

17. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay all required contributions in a timely manner is liable for interest at the rate of 9% per annum.

18. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees and costs.

## COUNT I

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

19. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in this Count I.

20. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Central Pension Fund cannot determine the exact amount of contributions due by the Defendant for covered work performed at Carney Hospital during the periods February 2020, May 2020, and July 2020 through the present.

21. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Central Pension Fund cannot determine the exact amount of contributions due by the Defendant for covered work performed at Norwood Hospital during the periods February 2020, April 2020, May 2020, and July 2020 through the present.

22. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Central Pension Fund cannot determine the exact amount of contributions due by the Defendant for covered work performed at St. Elizabeth's Medical Center during the period August 2020 through the present.

23. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Central Pension Fund cannot determine the exact amount of contributions due by the Defendant for covered work performed at Morton Hospital during the periods February 2020, April 2020, and July 2020 through the present.

24. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Central Pension Fund cannot determine the exact amount of contributions due by the Defendant for covered work performed at Holy Family Hospital during the periods February 2020, April 2020, May 2020, and July 2020 through the present.

25. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Central Pension Fund cannot determine the exact amount of contributions due by the Defendant for covered work performed at Nashoba Valley Medical Center during the periods February 2020, April 2020, May 2020, and July 2020 through the present.

26. The Central Pension Fund is entitled to judgment in the form of a Court Order requiring the Defendant to submit all outstanding remittance reports and unpaid contributions for work performed at the Hospital Systems which is covered by the Agreements during various months within the period February 2020 through the date of judgment as detailed herein.

27. By virtue of the failure to pay contributions as contractually required, the Defendant is in contravention of the Agreements and the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

28. The Defendant has failed to pay liquidated damages and interest for unpaid contributions owed to the Central Pension Fund.

29. The Central Pension Fund is therefore additionally entitled to judgment for all liquidated damages and interest owed on unreported and unpaid contributions, plus costs and attorneys' fees to the date of judgment.

30. The Central Pension Fund will seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE,** the Plaintiff prays judgment against the Defendant as follows:

A. For a Court Order requiring the Defendant to submit all outstanding remittance reports for work performed at the following Hospital Systems, during the following periods:

   1. Carney Hospital during the periods February 2020, May 2020, and July 2020 through the date of judgment;

  2. Norwood Hospital during the periods February 2020, April 2020, May 2020, and July 2020 through the date of judgment;

  3. St. Elizabeth's Medical Center during the period August 2020 through the date of judgment;

  4. Morton Hospital during the periods February 2020, April 2020, and July 2020 through the date of judgment;

  5. Holy Family Hospital during the periods February 2020, April 2020, May 2020, and July 2020 through the date of judgment; and

  6. Nashoba Valley Medical Center during the periods February 2020, April 2020, May 2020, and July 2020 through the date of judgment.

B. For unpaid contributions due and owing to the Central Pension Fund during the period of February 2020 through the date of judgment for unreported work performed pursuant to the Agreements as detailed herein.

C. For liquidated damages, and interest for any late paid and unpaid contributions owed as provided for in the Agreement and Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2) through the date of judgment.

D. For such contributions, interest, and liquidated damages that may accrue and/or are found to be due and owing to the Central Pension Fund subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment pursuant to the Agreements, Restated Agreement and Declaration of Trust, and 29 U.S.C. § 1132(g)(2).

E. For Costs and reasonable attorneys' fees as required by 29 U.S.C. § 1132(g)(2), the Agreements, and the Restated Agreement and Declaration of Trust through the date of judgment.

  F. Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: <u>January 14, 2021</u>  **O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 362-2640
cgilligan@odonoghuelaw.com

By: <u>/s/ Charles W. Gilligan</u>
Charles W. Gilligan (Bar No. 394710)

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 14th day of January, 2021, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, D.C. 20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, D.C. 20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan