UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,<br><br>     **Plaintiff,**<br><br>    v.<br><br>STEWARD HEALTH CARE SYSTEM LLC,<br><br>     **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 1:21-cv-00121-DLF<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, by and through undersigned counsel, and in response to the Court's May 25, 2021 Minute Order, hereby provides the Court with the following information to show cause why this action should not be dismissed:

1. This action is brought by an employee pension benefit fund to collect contributions and other amounts owed pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and for equitable relief in the form of an order requiring the Defendant to submit outstanding contractually required remittance reports detailing hours worked by certain employees and the requisite contributions due for the performance of that work.

2. The Defendant has been bound at all relevant times to collective bargaining agreements with the International Union of Operating Engineers Local Union No. 877 ("Collective Bargaining Agreement"), that require the Defendant to report and pay certain sums of money in the form of contributions for all hours of work it performs which are covered by the Collective Bargaining Agreement. (ECF No. 1 ¶¶ 6, 7).

3. The Complaint was filed on January 14, 2021. (ECF No. 1).

4. In Count I of the Complaint, the Plaintiff seeks an order requiring the Defendant to submit all outstanding remittance reports for work performed in several work locations during various months within the period February 2020 through the present, as well as all outstanding contributions and attendant damages owed as detailed in those remittance reports. (ECF No. 1, ¶¶ 20-26).

5. The Complaint was served upon the Defendant on February 9, 2021. (ECF No. 3).

6. After the Complaint was served, Defendant's counsel contacted Plaintiff's counsel and sought to negotiate a resolution of this matter and the pending lawsuit. To that end, Defendant's counsel requested an extension of time to respond to the Complaint, and compiled and submitted all of the outstanding remittance reports that are the subject of this lawsuit.

7. The Defendant also submitted all outstanding contributions detailed in those remittance reports, as well as a portion of the attendant damages assessed on delinquent contributions pursuant to the Plaintiff's controlling documents and ERISA, 29 U.S.C. § 1132(g)(2). The parties have engaged in in substantive settlement discussions, and the Defendant has submitted various reports and documents to Plaintiff.

8. Plaintiff's counsel subsequently sent a revised demand to Defendant's counsel detailing the remaining attendant damages owed pursuant to Fund documents and ERISA, 29 U.S.C. § 1132(g)(2), and the parties remain engaged in settlement negotiations to resolve that remaining aspect of this litigation.

9. The parties expect to reach a final settlement within the coming weeks, and do not expect that litigation will be necessary to resolve this matter.

10. Upon such a resolution, the Plaintiff would immediately file a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

11. In light of the fact that the parties have made substantial progress in settling the claims at issue in this litigation and are in the process of negotiating a final settlement, the Plaintiff respectfully requests that it be permitted to file a Notice of Voluntary Dismissal, Motion for Clerk's Entry of Default, or a Status Report on or before July 6, 2021.

WHEREFORE, the Plaintiff respectfully requests that the Court find that it has shown cause why this action should not be dismissed for failure to prosecute, that the Court permit Plaintiff to file a Notice of Voluntary Dismissal, Motion for Clerk's Entry of Default, or a Status Report on or before July 6, 2021.

Respectfully submitted,

Dated: June 8, 2021     By:     /s/ Charles W. Gilligan
Charles W. Gilligan (DC Bar No. 394710)
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 237-1200 – facsimile
cgilligan@odonoghuelaw.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,** | ) ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) Civil No. 1:21-cv-00121-DLF ) ) |
| **STEWARD HEALTH CARE SYSTEM LLC,** | ) ) |
| **Defendant.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June, 2021, a copy of the foregoing was filed using the Court's CM/ECF service and served by first class United States mail, postage prepaid, and email on the following:

Carl C. Scherz
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

       /s/ Charles W. Gilligan
          Charles W. Gilligan

4