UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, <br><br> Plaintiff, <br><br> v. <br><br> STEWARD HEALTH CARE SYSTEM LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) Civil No. 1:21-cv-00121-DLF ) ) ) ) ) ) |

## STATUS REPORT

Plaintiff, by and through undersigned counsel, and in response to the Court's November 23, 2021 Minute Order, hereby provides the Court with this Status Report:

1. This action is brought by an employee pension benefit fund to collect contributions and other amounts owed pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and for equitable relief in the form of an order requiring the Defendant to submit outstanding contractually required remittance reports detailing hours worked by certain employees and the requisite contributions due for the performance of that work.

2. The Defendant has been bound at all relevant times to collective bargaining agreements with the International Union of Operating Engineers Local Union No. 877 ("Collective Bargaining Agreement"), that require the Defendant to report and pay certain sums of money in the form of contributions for all hours of work it performs which are covered by the Collective Bargaining Agreement. (ECF No. 1 ¶¶ 6, 7).

3. The Complaint was filed on January 14, 2021. (ECF No. 1).

4.     In Count I of the Complaint, the Plaintiff seeks an order requiring the Defendant to submit all outstanding remittance reports for work performed in several work locations during various months within the period February 2020 through the present, as well as all outstanding contributions and attendant damages owed as detailed in those remittance reports. (ECF No. 1, ¶¶ 20-26).

5.     The Complaint was served upon the Defendant on February 9, 2021. (ECF No. 3).

6.     As the Plaintiff respectfully advised the Court via its Response (ECF No. 4), after the Complaint was served, Defendant's counsel contacted Plaintiff's counsel and sought to negotiate a resolution of this matter and the pending lawsuit. To that end, Defendant's counsel requested an extension of time to respond to the Complaint, and compiled and submitted all of the outstanding remittance reports that are the subject of this lawsuit.

7.     The Defendant also submitted all outstanding contributions detailed in those remittance reports, as well as a portion of the attendant damages assessed on delinquent contributions pursuant to the Plaintiff's controlling documents and ERISA, 29 U.S.C. § 1132(g)(2).

8.     Plaintiff's counsel subsequently sent a revised settlement demand to Defendant's counsel detailing the remaining attendant damages owed pursuant to Fund documents and ERISA, 29 U.S.C. § 1132(g)(2), and the parties remain engaged in settlement negotiations to resolve that remaining aspect of this litigation.

9.     Subsequent to the submission of the Response to the Court (ECF No. 4), Defendant requested certain documents related to the calculation of the attendant damages that remain at issue in this litigation. Plaintiff provided the requested documents to assist with the negotiation of a final resolution of this matter.

10.    Plaintiff's counsel respectfully advised the Court in the Status Report filed on November 22, 2021 that the Defendant provided certain additional documents demonstrating

contribution payments submitted to satisfy the delinquency in this matter, and that Counsel had prepared a final settlement agreement, which was circulated to Plaintiff for review and finalization.

11. Since the Status Report filed on November 22, 2021, the Plaintiff has approved the settlement agreement, and the settlement agreement was sent to Counsel for the Defendant for review and comment or execution. Counsel awaits a response or an executed settlement agreement from Counsel for the Defendant. The parties anticipate executing the settlement agreement in this matter within the coming weeks.

12. Upon such a resolution, the Plaintiff would immediately file a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

13. In light of the fact that the parties have made substantial progress in settling the claims at issue in this litigation and Counsel for the Plaintiff has circulated a final settlement agreement, the Plaintiff respectfully requests that it be permitted to file a Notice of Voluntary Dismissal, Motion for Clerk's Entry of Default, or a Status Report on or before January 17, 2021.

WHEREFORE, Plaintiff respectfully requests that the Court permit Plaintiff until January 17, 2021 to file a Notice of Voluntary Dismissal, Motion for Clerk's Entry of Default, or a Status Report.

Respectfully submitted,

Dated: December 20, 2021        By:        /s/ Charles W. Gilligan
                                           Charles W. Gilligan (DC Bar No. 394710)
                                           **O'DONOGHUE & O'DONOGHUE LLP**
                                           5301 Wisconsin Avenue, N.W., Suite 800
                                           Washington, D.C. 20015
                                           (202) 362-0041 – telephone
                                           (202) 237-1200 – facsimile
                                           cgilligan@odonoghuelaw.com

                                           *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL A. CRABTREE, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,<br><br>**Plaintiff,**<br><br>v.<br><br>STEWARD HEALTH CARE SYSTEM LLC,<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 1:21-cv-00121-DLF<br>)<br>)<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2021, a copy of the foregoing was filed using the Court's CM/ECF service and served by first class United States mail, postage prepaid, and email on the following:

Carl C. Scherz
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

                                                            /s/ Charles W. Gilligan
                                                            Charles W. Gilligan